UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 1:16-cr-0002-JMS-TAB |
| DARNELL JACKSON, | ) ) | - 09 |
| Defendant. | ) ) | |

**REPORT AND RECOMMENDATION**

On August 2, 2018, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on June 18, 2018 and a supplemental petition filed on June 25, 2018. Defendant Jackson appeared in person with his appointed counsel Michael Donahoe. The government appeared by Kate Olivier, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Troy Adamson.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Jackson of his rights and provided him with a copy of the petition. Defendant Jackson orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Jackson admitted violations 1, 2, 3, 4, 5, 6, 7, and 8. [Docket Nos. 821 and 825.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| | |
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

As previously reported to the Court, on February 27, and May 1, 2018, Mr. Jackson provided urine specimens which tested positive for cocaine. He admitted using cocaine and signed an admission form on each occasion. Mr. Jackson also admitted using cocaine on May 2, 2018.

2      **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.)."**

Mr. Jackson failed to attend the required number of substance abuse counseling sessions during the month of May 2018, and has failed to attend any sessions thus far during the month of June 2018.

As previously reported to the Court, Mr. Jackson failed to attend the required number of substance abuse counseling sessions during the months of March and April 2018.

3      **"You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods."**

On May 14, 15, 24, June 2, 3, 4, 5, 6, 7, 11, 12, and 13, 2018, Mr. Jackson failed to report for scheduled drug screens.

As previously reported to the Court, on March 4, 20, 25, April 1, 2, and May 5, 2018, Mr. Jackson failed to report for scheduled drug screens.

4      **"You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: substance abuse treatment and testing. The probation officer shall determine your ability to pay and any schedule of payment."**

On January 26, 2018, a payment plan was established whereas Mr. Jackson was scheduled to remit $75 on March 1, 2018, and $75 on April

1, 2018, in order to satisfy his co-pay fee. He has remitted two payments in the amount of $25 each. The balance remains at $100.

5 **"You shall make good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision."**

On June 7, 2018, during a home visit, Mr. Jackson was instructed to report for his scheduled drug test at Volunteers of America on that date. He stated he would report; however, he failed to do so.

6 **"The defendant must pay the total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment."**

Mr. Jackson was court-ordered to pay a $100 special assessment and a $500 fine. When his supervised release commenced there was an outstanding $50 special assessment balance and an outstanding $500 fine balance. On January 26, 2018, a payment plan was established and payments were to commence on February 15, 2018, at a rate of $50 per month, and each month thereafter. On May 1, 2018, Mr. Jackson remitted a payment in the amount of $15. This amount was credited toward the special assessment, leaving a balance due of $35. The fine balance remains $500.

7 **"You shall participate in a cognitive behavioral program, such as Moral Reconation Therapy (MRT), at the direction of the probation officer and abide by the rules of the program."**

Mr. Jackson attended his initial MRT class on May 15, 2018; however, he has failed to attend any additional classes as required.

8 **"The defendant shall refrain from any unlawful use of a controlled substance."**

On June 15, 2018, Mr. Jackson provided a urine specimen which tested positive for marijuana. On the Chain of Custody form dated June 15, 2018, Mr. Jackson admitted using marijuana within the last 30 days.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is III.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months' imprisonment.

5. Parties jointly recommended a sentence of eight (8) months with no supervised release to follow. Defendant requested placement at the camp located at FCI Terre Haute with participation in a drug treatment program.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of eight (8) months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation. The Magistrate Judge will make a recommendation of placement at the camp located at FCI Terre Haute with participation in a drug treatment program.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 8/9/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal